Is it the sheriff's duty to transport to a mental health center or hospital for emergency protective custody, a mentally ill dangerous person taken into custody by a city or village policemen or peace officer?
He is authorized but not required.
Section 83-1020 (Reissue 1981) provides in part:
 Whenever any peace officer believes that any individual is a mentally ill dangerous person and that the harm described by section 83-1009 is likely to occur before mental health board proceedings under this act may be invoked to obtain custody of the individual, such peace office may immediately take such individual into custody, cause him or her to be taken into custody, or continue his or her custody if he or she is already in custody. . . . When a mental health center or a state hospital, or other government or private hospital, has the capability to detain such an individual in the county in which the individual is found, the individual shall be placed in such facility. A county may contract with medical facilities outside the county to provide a place where such individuals may be held. The individual may be placed in a jail only if the individual cannot be adequately protected in other facilities.
(Emphasis supplied.)
Section 83-1021 (Reissue 1981) provides:
 At the time of the admission, the peace officer responsible for taking an individual into custody shall execute
a written certificate, as prescribed and provided by the Director of Medical Services for the Department of Public Institutions, which certificate shall allege that such officer believes that the subject in custody is a mentally ill dangerous person and that the harm described by section 83-1009 is likely to occur before mental health board proceedings under this act may be invoked to obtain custody of the subject. The certificate shall contain a summary of the subject's behavior supporting such allegations. A copy of such certificate shall be forwarded immediately to the county attorney.
(Emphasis supplied.)
The foregoing sections are a portion of the Nebraska Mental Health Commitment Act.
Section 83-1020 (Reissue 1981), first quoted above, describes the person authorized to take an individual into custody, under the conditions listed, as a `peace officer.'
Section 83-1021 (Reissue 1981), also set forth above, requires `the peace officer responsible for taking an individual into custody' to execute a certificate containing the items set forth. These include allegations that `such officer believes that the subject in custody is a mentally ill dangerous person and that the harm described by section83-1009 is likely to occur' and a summary of the subject's behavior supporting such allegations. Obviously, the peace officer taking the individual into custody is the one referred to and the one who would have the necessary personal knowledge to fill out the certificate. This does not mean the custody and necessary information could not be transferred to another peace officer, but it certainly is not required.
Section 83-1011, also a part of the same act, provides: `Peace officer shall mean a sheriff, constable, coroner, jailer, marshal, police officer, or state highway patrolman.' Thus, the peace officer taking the individual into custody and required to transport him to a mental health center or hospital as described in § 83-1020 set forth above, could be either a police officer, constable, or sheriff, or others as listed.
The sheriff's authority and duties in a county extend to the area within city or village limits as well as to the area outside such limits.
Where the words of statutes, as in this case, are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning and they cannot be amplified or nullified. See, Douglas County v. Board of Regents,210 Neb. 573; CONtact Inc. v. State, 212 Neb. 584.
We are therefore of the opinion that whichever peace officer takes such person, as described in § 83-1020, into custody, has the duty to transport him to a proper hospital or other facility as described in said section. This does not mean this duty may not be carried out by other cooperating peace officers.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General